UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DORNICE L. DYCUS | * | CIVIL ACTION |
| | * | |
| | * | NO. |
| VERSUS | * | |
| | * | SECTION " " |
| | * | |
| THE CITY OF SLIDELL | * | MAGISTRATE ( ) |
| * * * * * * * * * * * * * * * | * | JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES - RETALIATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, *et seq* AND LOUISIANA LAW

The Complaint of Dorice L. Dycus, a female of the full age of majority and a resident and domiciliary of the Parish of St. Tammany State of Louisiana respectfully avers as follows:

1. Made defendant is The City of Slidell, a municipality organized under the laws of the State of Louisiana. All actions complained of herein occurred in Slidell, Louisiana in the Parish of Jefferson, situated in the Eastern District of Louisiana.

2. Plaintiff Dornice L. Dycus (Dycus) was hired by The City of Slidell in in February 1991 as a Corrections Officer for the Slidell Police Department (SPD). She is currently employed as a Police Officer in the Patrol Division.

3. Dycus requested a transfer to a Criminal Investigator position in the Criminal Investigations Division (CID) and was denied the transfer.

4. Dycus submitted a letter of interest for the position of Criminal Investigator in the CID on June 24, 2004. By order dated July 20, 2004, Dycus was selected along with two males for the position. However, this order was suspended by Freddy Drennan, Chief of Police on July 21, 2004. The final and revised order, dated July 26, 2004, indicated that the two males were selected for the

position effective August 9, 2004, and Dycus was not. Dycus did not receive any official notice that she was not selected nor was any reason given to her for the non-selection.

5.  Dycus was at the time she applied for the criminal investigation ("CI") position, a patrol deputy. The criminal investigation position is a much more desirable and prestigious than was the patrol deputy job. CI officers do not ordinarily wear a uniform; they work at times and places mostly of their own choosing; they are not normally required to respond to felonies or domestic emergencies on a 24 hour basis; their job is to solve crimes rather than simply police or apprehend suspects.

6.  Sigmund Swenson was the officer in command of criminal investigations division. Swenson, head of CID, spoke with Freddy Drennan about Dycus's non-selection. Drennan said to Swenson, "you think I'm going to give a position to someone who filed an EEOC complaint?" This remark, by the decision maker, constitutes direct evidence of retaliatory animus under *Price-Waterhouse v. Hopkins,* 490 U.S. 228 (1989) and its progeny.

7.  Dycus filed a Charge of Discrimination with the EEOC complaining of discrimination because of her gender, female, and retaliation for filing a previous charge of discrimination (270-2002-01894) against SPD which involved Chief Freddy Drennan.

8.  The EEOC dismissed Dycus's discrimination charge but found cause as to Dycus's retaliation charge. Ultimately, the EEOC referred the prosecution of the retaliation charge to the Department of Justice. On May 29, 2007, the Department of Justice determined that it would not pursue the charge and mailed its Notice of Right to Sue Within 90 Days to Dycus. Dycus timely files suit.

9.  SPD knew or should have known that the actions it took were in direct violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and Louisiana Law which proscribes retaliation for

reporting gender discrimination in employment. Thus, SPD is liable unto Dycus for the damage set forth in Paragraph 10, *infra*.

10. The actions by SPD were made with malice and/or reckless disregard of Dycus's federally protected rights. As such, SPD is liable unto Dycus for punitive damages.

## DAMAGES

11. As a result of SPD's actions, Dycus has suffered and continues to suffer damages in the following, non-exclusive respects: (a) back pay with benefits and front pay with benefits, or reinstatement should front pay not be a viable option; (b) general damages for loss of reputation and inconvenience; (c) punitive damages; (d) attorney's fees and costs, and; (e) all other equitable relief deemed just and proper by this Court.

12. Dycus desires and is entitled to a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Dornice L. Dycus prays that this, her Complaint, be cited and served on Defendant The City of Slidell, that Defendant The City of Slidell be required to answer same, that after due proceeding had, judgment be rendered for Plaintiff Dornice L. Dycus and against Defendant The City of Slidell in an amount to be determined as just under the circumstances, back pay with benefits, front pay with benefits or reinstatement should front pay not be a viable option, general damages, punitive damages, attorney's fees and costs, all other equitable relief deemed just and proper by this Court, and legal interest from the date of judicial demand.

Plaintiff Dornice L. Dycus further prays for a trial by jury on all issues so triable.

Respectfully submitted,

_[signature]_
DALE E. WILLIAMS, BAR #18709
Law Office of Dale Edward Williams
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile: (985) 892-2640
mailto:dale@daleslaw.com